WRIGHT, J.
The law regulating writs of attachment before-justices of the peace (29 O. L. 203) provides for issuing the writ upon oath “that the debtor absconds to the injury of his creditor,”' or “is not a resident of the county,” which the constable is to-execute where he can find property in the presence of at least two credible witnesses, and with the assistance of two freeholders under oath, inventory the goods attached, have them appraised, and the appraisement signed by them and the constable returned with the-writ, &c. It requires the constable to return the time and manner-of service, and declares that where a writ is so served, it shall bind thqproperty attached.
The twenty-second section of the act (p. 208) provides, that if on the return of the attachment against an absconding debtor, it shall be made appear to the justice there were no goods to attach, or not sufficient, the justice shall certify the proceedings to the next Court of Common Pleas, whereupon an attachment shall be issued by the court and be executed by the plaintiff, on the lands of the-defendant in the county, and the proceedings thereon shall thenceforth be as if the attachment had been originally commenced in the-Court of Common Pleas.
The original attachment in this case was not against an absconding debtor, though it is probable, the parties supposed they were- *585 pursuing the last clause of the act referred to. The writ was not ¡served in the presence of two witnesses, nor was there an inventory and appraisement returned according to the law. These proceedings are ex parte and in rem the statute must be strictly pursued, or no right is acquired under it. If, then, it appeared, that the property attached, was insufficient, the transcript was entered ¡¡as an appeal which was without authority. The case was not one *to be certified up, because it was not against an absconding [568 ■debtor; but if it could have been certified, no attachment was issued in the Common Pleas as required by law in such cases. The appeal was entered at March term, and no default was then taken. The three defaults were entered before judgment, but at subsequent terms. On the third default, the court assessed the original plaintiff’s damages and gave him judgment. As to the other creditor, the inquiry ■of damages, if any, is so mingled up with the judgment that it is difficult to see whether the' damages were assessed and the judgment thereon rendered, or not.
The record is full of errors — and the judgments are reversed. The whole proceedings since their removal from the justice are void, ■and before the justice there was no judgment.
[Attachment not to be executed beyond letter of statute; Winchester v. Pierson, 3 W. L. J. 131, 133. Jurisdiction in attachment •certified from justice is original; Breckenridge v. Grace, 3 W. L. M. 639, 641, 643.]